**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ALLEN H. GIPSON, JR., | ) |
|     Plaintiff/Counter-defendant, | ) |
| | ) |
| vs. | ) |
| | )   CIVIL ACTION 23-00122-KD-M |
| CMR CONSTUCTION AND ROOFING, LLC, | ) |
| | ) |
|     Defendant/Counterclaimant. | ) |

**ORDER**

This action is before the Court on the motion for leave to amend the complaint filed by Plaintiff Allen H. Gipson, Jr. (doc. 7). Gipson seeks leave to amend his complaint to add causes of action for breach of express warranty (Count III), breach of implied warranty of fitness for purpose (Count IV), and breach of implied warranty of workmanship (Count V), and to recover liquidated damages (Id.). Defendant CMR Construction and Roofing, LLC does not oppose allowing the proposed Count III but opposes allowing the proposed Counts IV and V on basis they fail to state a claim upon which relief can be granted (doc. 8). In other words, CMR argues that allowing amended Counts IV and V would be futile.

"Under the Federal Rules of Civil Procedure, a district court 'should freely give leave [to amend] when justice so requires.'" <u>Oltmanns v. Int'l Longshoremen's Ass'n</u>, 837 Fed. Appx. 689, 694 (11th Cir. 2020) (quoting Fed. R. Civ. P. 15(a)(2)). "However, a court need not give leave "where amendment would be futile." <u>Oltmanns</u>, 837 Fed. Appx. at 694 (quoting <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam) (quotation marks omitted). Accordingly, **Gipson shall, on or before September 13, 2023, file his reply** to CMR's opposition.

    **DONE** and **ORDERED** this 30th day of August 2023.

s / Kristi K. DuBose
**KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE**
