IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLEN H. GIPSON, JR.,** ) | |
| ) | |
| **Plaintiff/Counter-defendant,** ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION 23-00122-KD-M |
| **CMR CONSTUCTION AND ROOFING,** ) | |
| **LLC,** ) | |
| ) | |
| **Defendant/Counterclaimant.** ) | |

## ORDER

This action is before the Court on the motion for leave to amend the complaint filed by Plaintiff Allen H. Gipson, Jr. (doc. 7), the response in opposition filed by CMR Construction and Roofing LLC (doc. 8), and Gipson's reply (doc. 10).

I. Background

Gipson seeks leave to amend his complaint to add causes of action for breach of express warranty (Count III), breach of implied warranty of fitness for purpose (Count IV), and breach of implied warranty of workmanship (Count V), and to recover liquidated damages (doc. 7). Defendant CMR does not oppose allowing the proposed Count III but opposes allowing the proposed Counts IV and V on basis that allowing these Counts would be futile (doc. 8). CMR argues that the Limited Warranty provision in the contract at issue specifically disclaims all warranties except for the limited warranties expressly provided in the contract. Thus, any claim based upon an implied warranty, as alleged in Counts IV and V, would be subject to dismissal because they would fail to state a claim upon which relief can be granted.  In reply, Gipson does not dispute that the Limited Warranty provision likely excludes claims of implied warranties under Alabama law, i.e., the claims asserted in Counts IV and V of the proposed Amended Complaint.  In reply, Gipson acknowledges the Limited Warranty provision and moves the Court to allow filing of

a revised Amended Complaint which will include only the additional Count III – Breach of Express Warranty (doc. 10).

    II. Analysis

At this stage in the litigation, and absent CMR's written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). See Oltmanns v. Int'l Longshoremen's Ass'n, 837 Fed. Appx. 689, 694 (11th Cir. 2020) (Under the Federal Rules of Civil Procedure, a district court 'should freely give leave [to amend] when justice so requires.'") (quoting Fed. R. Civ. P. 15(a)(2)). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

The docket does not indicate that Gipson engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. Gipson filed the motion within the time allowed by the Rule 16(b) Scheduling Order (doc. 6). Also, discovery does not end until March 1, 2024 (Id.). Therefore, sufficient time for discovery exists such that the parties should not be prejudiced by the addition of Count III. As to futility, Gipson acknowledges that amending the complaint to include Counts IV and V would be futile and moves the Court to allow an Amended Complaint without these Counts.

Upon consideration, Gipson's motion for leave to amend (doc. 7), as amended by his reply, is **GRANTED**. Accordingly, **Gipson** shall file a **First Amended Complaint** which conforms with his reply, on or before **October 11, 2023**. **CMR shall answer or otherwise respond** to the First Amended Complaint on or before **October 18, 2023**.

**DONE** and **ORDERED** this 2nd day of October 2023.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**